RYBIN INVESTMENT CO., INC., APPELLEE, V.
HOWARD D. WADE ET AL., APPELLANTS.

316 N.W.2d 744

Filed March 5, 1982. No. 43680.

Warren S. Zwieback and Robert M. Soshnik of Zwieback, Brady & Kasher, P.C., for appellant Wade.

Michael L. Schleich of Morsman, Fike, Davis & Schumacher, P.C., for appellant Dalton.

Joseph S. Daly and Ronald H. Stave of Sodoro, Johnson, Daly, Stave, Cavel & Coffey for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an action by the plaintiff, Rybin Investment Co., Inc., for specific performance of a purported contract for the purchase of the Cottonwood Marina. The District Court of Washington County, Nebraska, directed the defendants, Howard D. Wade and Robert M. Dalton, to specifically perform the purported contract. The defendants appeal. We reverse.

On November 10, 1978, defendants executed a "Purchase Contract" as an offer to purchase certain property in Washington County, Nebraska, described as the "Cottonwood Marina." The offer was executed in the presence of Eugene Eckholt of Commercial Business Services (hereafter CBS), agent for the plaintiff. The document was prepared by Eckholt and was entirely typewritten except for the signatures of the defendants.

After the defendants signed the document, Eckholt took it to George Rybin, president of plaintiff company. At the request of Rybin, Eckholt added the following language to the front of the document: "It is understood and agreed that the present tenant, Robert Tank, has first right of refusal on this offer."

After the addition of this language, Rybin signed the document in his capacity as president of Rybin Investment Co., Inc. Eckholt then took the document back to his office, expecting the defendants to still be there, but they had left. Eckholt gave the altered document to James T. Polsen, president of CBS, who agreed to deliver it to the defendants and obtain their approval. Polsen took the document home with him and the de-

fendants came to his home the same evening of November 10, 1978. Polsen showed the defendants the document and put two circles next to the altered portion of the document and asked them to initial it. Polsen testified that the defendants did not want to initial it at that time but, instead, took the document to show to their financial backers. The defendants never initialed the document and testified that they told Polsen that same night that they would not approve the contract. A meeting was held between the respective parties 4 or 5 days later for the purpose of negotiating an agreement for the purchase of the Cottonwood Marina. Negotiations fell through and the plaintiff brought this action for specific performance of the terms contained in the document.

Defendants contend that the document upon which plaintiff based its claim was merely an offer to purchase and it was refused by the plaintiff when the plaintiff made a counteroffer by altering the document.

Since this is an equity action, this court must try the issues de novo on the record. Neb. Rev. Stat. § 25-1925 (Reissue 1979).

Before a trial court may compel specific performance, there must be a showing that a valid, legally enforceable contract exists. *Panhandle Rehabilitation Center v. Larson*, 205 Neb. 605, 288 N.W.2d 743 (1980).

The burden of proving the contract is on the party who seeks to compel specific performance. *Pribil v. Ruther*, 200 Neb. 161, 262 N.W.2d 460 (1978).

To establish an express contract, there must be shown what amounts to a definite proposal and an unconditional and absolute acceptance thereof. *Farmers Union Fidelity Ins. Co. v. Farmers Union Co-op. Ins. Co.*, 147 Neb. 1093, 26 N.W.2d 122 (1947); *Griggs v. Oak*, 164 Neb. 296, 82 N.W.2d 410 (1957); *Wilkie v. Banse*, 166 Neb. 138, 88 N.W.2d 181 (1958).

Further, in order that a binding contract may result from an offer and acceptance, it is essential that the minds of the parties meet at every point, and that

nothing be left open for a future arrangement. *Farmers Union Fidelity Ins. Co. v. Farmers Union Co-op. Ins. Co., supra.*

The acceptance of the offer must be an unconditional acceptance of the offer as made, otherwise no contract is formed. There must be no substantial variation between the offer and the acceptance. If the acceptance differs from the offer or is coupled with any condition that varies or adds to the offer, it is not an acceptance, but it is a counterproposition. *Griggs v. Oak, supra.*

The basic question is whether the language added by Eckholt at the request of Rybin constitutes a counter-offer. Restatement (Second) of Contracts § 59 at 145 (1981) states: "A reply to an offer which purports to accept it but is conditional on the offeror's assent to terms additional to or different from those offered is not an acceptance but is a counter-offer."

Restatement (Second) of Contracts § 39 at 106 (1981) states: "(1) A counter-offer is an offer made by an offeree to his offeror relating to the same matter as the original offer and proposing a substituted bargain differing from that proposed by the original offer.

"(2) An offeree's power of acceptance is terminated by his making of a counter-offer, unless the offeror has manifested a contrary intention or unless the counter-offer manifests a contrary intention of the offeree."

We believe the language added to the document substantially alters the offer so as to constitute a counter-offer. The defendants and Eckholt testified that they had the following language put in the document: "Sellor [sic] agrees that no verbal agreements exist that could restrict purchasers in future operations." Defendants and Eckholt testified that that particular statement was put in the offer because the defendants knew that Mr. Tank had requested a right of first refusal from Rybin. The language that was added to the document at the request of Rybin substantially alters the purpose for which the defendants had their particular statements put into the offer.

Our past decisions have been in accord with the view taken by the Restatement. "'Where one to whom an offer is made makes a counter-proposition of different terms and new conditions, such counter-proposition amounts to a rejection of the offer.'" *Farmers Union Fidelity Ins. Co. v. Farmers Union Co-op. Ins. Co.*, *supra* at 1096-97, 26 N.W.2d at 124; *Griggs v. Oak*, *supra.*

Plaintiff's power to accept the offer was thereby terminated and no contract exists.

The trial court's decree for specific performance is therefore reversed and the plaintiff is ordered to return defendants' earnest money deposit of $5,000 with interest.

REVERSED WITH DIRECTIONS.