HAWKINS CONSTRUCTION COMPANY, A NEBRASKA CORPORATION, APPELLANT, V. REIMAN CORP., A WYOMING CORPORATION, APPELLEE.

511 N.W.2d 113

Filed February 4, 1994. No. S-92-352.

John W. Iliff, of Gross & Welch, P.C., for appellant.

E. James Burke, of Burke, Woodard & Bishop, P.C., and Thomas M. Houston, of Andersen, Berkshire, Lauritsen, Brower & Hadley, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

LANPHIER, J.

This is an appeal of a grant of summary judgment from the district court for Douglas County, Nebraska. The suit arises out of a bid made by Reiman Corp., appellee, as subcontractor to appellant, Hawkins Construction Company, acting as a general contractor. Appellant alleged in its petition that appellee refused to perform the work bid upon after appellant won the contract. Appellant alleged that the refusal entitled it to recover damages for breach of contract and promissory estoppel as a result of hiring someone else to complete the work at a higher cost. The district court for Douglas County sustained appellee's motion for summary judgment, finding that no contract existed and that material terms of the promise were disputed or remained to be negotiated, and dismissed the action. We affirm.

## BACKGROUND

Appellant learned from an advertisement that Nebraska's Department of Roads was receiving bids on a paving project near North Platte, Nebraska. Prior to submitting its bid as a

general contractor, appellant solicited bids from others for portions of the work. On July 31, 1990, appellee submitted a bid to appellant. Appellee proposed to do work in four "groups" of the project.

On August 1, a representative of appellant phoned a representative of appellee. The details of that conversation are disputed. However, appellee, for the purposes of the motion before us on appeal, concedes that the conversation took place as alleged by appellant. Appellant asserts that appellee's bid was orally modified to include work on only three groups.

Appellant included as a part of its bid to the Department of Roads what it claims was appellee's modified bid. On August 14, appellant was awarded the project. On September 5, appellee received a subcontract from appellant which was not acceptable to it. The subcontract required the appellee to obtain five times the amount of umbrella liability insurance that was standard in the industry and to submit shop drawings within 2 weeks of receipt of the contract. Under the terms of the "Subcontract Agreement," appellee would "have no claim for damages due to delays for any delays not recovered from the Owner." Appellee also objected to requirements concerning billing and payment. Appellee sent the subcontract back that same day unsigned with a letter of explanation. In the letter, appellee outlined those provisions not previously part of the bid which were not agreeable to it. Appellee also wrote that unless the subcontract included all four groups in its bid, there would be no agreement.

The parties failed to resolve their dispute in a subsequent telephone conversation. Appellant filed its petition on October 30 and hired another subcontractor to do the work, but at a higher rate.

The trial court sustained appellee's motion for summary judgment. The court, in its order, stated:

It is clear in the reading of the matters submitted that Hawkins, in many respects, varied the major terms of the bid and other material terms relevant to the contract were not resolved. Therefore, no contract was ever fully made by the parties. While the plaintiff urges the Court to hold that under the Doctrine of Promissory Estoppel the

defendant should be held responsible, that doctrine presupposes that there is, in fact, fixed material terms of a promise which were relied upon by the general contractor. Material terms of the promise remained to be negotiated or were seriously disputed. As such, the Doctrine of Promissory Estoppel has no application.

## ASSIGNMENTS OF ERROR

Appellant asserts that the trial court erred in (1) sustaining appellee's motion for summary judgment, (2) rendering a decision contrary to law, (3) overruling appellant's motion for new trial, (4) applying principles of basic contract law to a cause of action based on promissory estoppel, (5) concluding that the doctrine of promissory estoppel was not applicable to this case, and (6) failing to find that there were genuine issues of fact as to the existence of an option contract.

## STANDARD OF REVIEW

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *VonSeggern v. Willman*, 244 Neb. 565, 508 N.W.2d 261 (1993). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

## BREACH OF CONTRACT

Appellant claims that genuine issues of fact exist and that the trial court's grant of summary judgment was, therefore, improper. However, contrary to appellant's assertion, uncontroverted facts prove that the breach of contract action must fail as a matter of law.

A contract is not formed if the parties contemplate that something remains to be done to establish contractual arrangements or if elements are left for future arrangement. *Logan Ranch v. Farm Credit Bank*, 238 Neb. 814, 472 N.W.2d 704 (1991); *Zimmerman v. Martindale*, 221 Neb. 344, 377

N.W.2d 94 (1985); *Rybin Investment Co., Inc. v. Wade*, 210 Neb. 707, 316 N.W.2d 744 (1982); *O'Brien v. Fricke*, 148 Neb. 369, 27 N.W.2d 403 (1947). Undisputed facts reveal that the parties left for future arrangement elements of their agreement. Even after the purported oral modification of the bid, which we accept as true for the purposes of summary judgment, appellant sent appellee a 17-page document, with attachments, entitled "Subcontract Agreement." The subcontract agreement contained many provisions which were never addressed by the parties and which were not contained in the initial or modified bid, including liability insurance requirements, time for submission of shop drawings, billing and payment terms, and responsibility for a dewatering problem. Appellant's act of sending this document serves as a tacit admission that the parties left for future negotiation essential details of their arrangement. It is undisputed that appellee never agreed to the terms set forth in the subcontract agreement sent to it by appellant, but sent it back unsigned.

Appellant's assertion that the existence of a valid option contract should have precluded the trial court's grant of summary judgment must fail for the same reason. As discussed above, it is clear from the record that neither party ever considered the initial bid, nor the purportedly modified bid, to contain the embodiment of their agreement. Even if we found, as appellant urges, that the submission of the bid constituted an option contract, thus making the bid irrevocable, as was done in *Drennan v. Star Paving Co.*, 51 Cal. 2d 409, 333 P.2d 757 (1958), that would not save appellant from summary judgment. Summary judgment would still be appropriate, since, as evidenced by appellant's submission of the subcontract agreement, elements of the agreement were left to be decided at a later time. See, *Zimmerman v. Martindale, supra*; *Rybin Investment Co., Inc. v. Wade, supra*; *O'Brien v. Fricke, supra*. The court's grant of summary judgment on this cause of action was proper.

## PROMISSORY ESTOPPEL

With respect to appellant's cause of action for promissory estoppel, the trial court stated:

While the plaintiff urges the Court to hold that under the Doctrine of Promissory Estoppel the defendant should be held responsible, that doctrine presupposes that there is, in fact, fixed material terms of a promise which were relied upon by the general contractor. Material terms of the promise remained to be negotiated or were seriously disputed. As such, the Doctrine of Promissory Estoppel has no application.

As appellant asserts, it is the law in Nebraska that the doctrine of promissory estoppel does not impose the requirement that the promise giving rise to the cause of action must be so comprehensive in scope as to meet the requirements of an offer that would ripen into a contract if accepted by the promisee. *Rosnick v. Dinsmore*, 235 Neb. 738, 457 N.W.2d 793 (1990). See, also, *Whorley v. First Westside Bank*, 240 Neb. 975, 485 N.W.2d 578 (1992). We have stated that " 'there is no requirement of "definiteness" in an action based upon promissory estoppel.' " *Id*. at 979, 485 N.W.2d at 582, quoting *Rosnick, supra.*

However, the general rule regarding the doctrine of promissory estoppel is that " '[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. . . .' " *Rosnick*, 235 Neb. at 748, 457 N.W.2d at 799, quoting the Restatement (Second) of Contracts § 90 (1981). See, also, *Whorley, supra.* Promissory estoppel requires that reliance be reasonable and foreseeable. *Rosnick, supra; Whorley, supra.*

As a matter of law there are insufficient facts to support a claim of promissory estoppel. Appellant's reliance that appellee would perform the work bid upon was not reasonable or foreseeable. The submission of the subcontract agreement by appellant to appellee discloses that appellant relied on appellee's expected acquiescence to certain nonstandard additional conditions which could be considered onerous. It was unreasonable for appellant to expect that appellee would have to agree to the many nonstandard provisions contained in the subcontract agreement. The subcontract agreement would have

required the appellee to obtain five times the amount of umbrella liability insurance as was standard in the industry. Also contrary to industry standards was the requirement that appellee submit shop drawings within 2 weeks of receipt of the contract. Under the terms of the subcontract agreement, appellee, as subcontractor, would "have no claim for damages due to delays for any delays not recovered from the Owner." This, according to the evidence, is also a nonstandard term. Other requirements concerning billing and payment were, according to the evidence, also not standard. Given the bid submitted, appellant could not reasonably rely on the fact that appellee would perform the work in compliance with the provisions contained in the 17-page subcontract agreement. Had appellee been aware at the time it submitted its bid of the many provisions contained in the subcontract agreement, and had appellant known that appellee was aware of the provisions, appellant's reliance would have been foreseeable and reasonable. Here it was not. The trial court's grant of summary judgment on this cause of action was, therefore, proper.

## CONCLUSION

The district court properly granted summary judgment on the breach of contract action, since the parties clearly contemplated that in addition to the bid, even as purportedly modified, other essential elements would be required to establish a contract. Summary judgment was also proper with respect to the promissory estoppel action, since appellant's reliance was neither reasonable nor foreseeable.

AFFIRMED.