# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1090

_____

Joseph F. Clark,                           *
                                           *
            Appellant,                     *
                                           *   Appeals from the United States
      v.                                   *   District Court for the
                                           *   District of Nebraska
Kellogg Company; Kellogg USA, Inc.,        *
                                           *
            Appellees.                     *

_____

No. 99-1092

_____

Carolyn Lee,                               *
                                           *
            Appellant,                     *
                                           *
      v.                                   *
                                           *
Kellogg Company; Kellogg USA, Inc.,        *
                                           *
            Appellees.                     *

_____

No. 99-1093

_____

Jock A. Montes,                            *
                                           *
            Appellant,                     *

v.       *
      *
      *

Kellogg Company; Kellogg USA, Inc.,       *
      *

       Appellees.       *

_____

No. 99-1094

_____

Audrei Lemon McGee,       *
      *

       Appellant,       *
      *

v.       *
      *

Kellogg Company; Kellogg USA, Inc.,       *
      *

       Appellees.       *

_____

No. 99-1095

_____

Diann C. Moore,       *
      *

       Appellant,       *
      *

v.       *
      *

Kellogg Company; Kellogg USA, Inc.,       *
      *

       Appellees.       *

_____

No. 99-1096

_____

| Marian Granger, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Kellogg Company; Kellogg USA, Inc., | * |
| | * |
| Appellees. | * |

_____

No. 99-1097

_____

| Regina Johnson, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Kellogg Company; Kellogg USA, Inc., | * |
| | * |
| Appellees. | * |

_____

No. 99-1098

_____

| Nancy Trapani, | * |
| | * |
| Appellant, | * |
| | * |

-3-

v.                                       *
                                         *
Kellogg Company; Kellogg USA, Inc.,      *
                                         *
        Appellees.                       *

                          _____

                         No. 99-1102
                          _____

Kathryn Passauer,                        *
                                         *
        Appellant,                       *
                                         *
v.                                       *
                                         *
Kellogg Company; Kellogg USA, Inc.,      *
                                         *
        Appellees.                       *

                          _____

                         No. 99-1103
                          _____

Stephanie Washington,                    *
                                         *
        Appellant,                       *
                                         *
v.                                       *
                                         *
Kellogg Company; Kellogg USA, Inc.,      *
                                         *
        Appellees.                       *

                             -4-

_____

No. 99-1105
_____

Raymond R. Sinkevich,                          *
                                                *
          Appellant,                            *
                                                *
     v.                                         *
                                                *
Kellogg Company; Kellogg USA, Inc.,             *
                                                *
          Appellees.                            *
                                         _____

                    Submitted:   December 17, 1999
                         Filed:   March 8, 2000

                                   _____

Before MURPHY and MAGILL, Circuit Judges, and SMITH,[*] District Judge.
                                   _____

MAGILL, Circuit Judge.

     Eleven seasonal employees brought suit against their employer, Kellogg Co. and
Kellogg USA, Inc. (collectively, Kellogg), after Kellogg failed to honor an alleged oral
promise to hire them for "permanent" employment if they "kept their noses clean" and

_____

     [*]The Honorable Ortrie D. Smith, United States District Judge for the Western
District of Missouri, sitting by designation.

-5-

continued to work for an indefinite number of summer seasons. The district court[1] granted summary judgment in Kellogg's favor on all of Appellants' claims. Appellants appeal the district court's dismissal of their claims for breach of contract, promissory estoppel, fraudulent misrepresentation, and negligent misrepresentation. We affirm.

## I. Background

Appellants worked for Kellogg under an oral contract during summer months as replacements for regular employees who were on vacation. Appellants typically started working in May and would work for up to twenty weeks. Appellants accepted such seasonal employment every year from their date of hire through 1996. Of the eleven Appellants, eight were hired in 1988, one in 1991, and two in 1992.

Appellants allege that Kellogg's management staff repeatedly told them that they would be hired for permanent full-time positions at Kellogg's Omaha facility if the following occurred: 1) openings for permanent positions became available, 2) they "kept their noses clean," and 3) they continued to work for Kellogg every summer season until permanent jobs became available. Appellants claim that they detrimentally relied on these representations by refusing full-time employment with other employers. More specifically, Appellants argue that Kellogg's representations caused them to lose the "benefit of full-time salaries and raises, establishing themselves with other employers and in obtaining benefits such as insurance or pension."

In 1996 and 1997, when Kellogg began hiring regular full-time employees, ten of the eleven Appellants applied for full-time employment at Kellogg's Omaha facility. Departing from past practice, Kellogg required all applicants to take a written examination covering arithmetic, reading, problem-solving, safety, and instrumentation.

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Several Appellants failed the examination, while others were precluded from taking it because of poor attendance or other disciplinary problems. Because Kellogg did not hire any of the Appellants for any of the regular full-time positions, Appellants initiated the present diversity action in federal court.

## II. Standard of Review

We review a grant of summary judgment de novo and apply the same standard as that applied by the district court. See First Bank of Marietta v. Hogge, 161 F.3d 506, 510 (8th Cir. 1998). Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. See id. We will apply the substantive law of the forum state, Nebraska. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). We review de novo the district court's application of state law, and, if the state law is ambiguous, we predict how the highest court of that state would resolve the issue. See First Colony Life Ins. Co. v. Berube, 130 F.3d 827, 829 (8th Cir.1997).

## III. Appellants' State Law Claims

### A. Breach of Contract

Appellants claim that they were promised "permanent, full-time" employment. Under Nebraska law, a statement that an employee is being offered "permanent" employment is considered an offer for an indefinite term of employment. See Johnston v. Panhandle Coop. Ass'n, 408 N.W.2d 261 (Neb. 1987). Thus, we find that Kellogg's alleged offer must be construed as an offer for at-will employment.[2]

---

[2]In an attempt to paint Kellogg's offer as something other than at-will employment, Appellants point to Section 103 of the collective bargaining agreement

(CBA)between Kellogg and the American Federation of Grain Millers Union, Local No. 50, AFL-CIO:

> It is agreed that the first seven weeks of employment in which three or more days have been worked, or the first ten weeks in which one or more days have been worked, whichever occurs first, will be designated as the "trial period." If, during this time, an employee does not work for one week or more, these periods will be extended as required to complete the trial period.

> During this trial period such persons will not be considered as having any seniority rights, except for order of layoff or recall; and the Company will be free to discontinue employment of such a person without such action being subject to jurisdiction or questioning by the Local Union. When employed, the Union will be advised of those employees designated by the Company as temporary replacement employees.

Because Section 103 provides new employees with seniority rights for order of layoff and recall, Appellants contend that Kellogg's alleged offer must have been for something other than at-will employment. We reject this argument. A layoff and a termination from employment are not the same thing. A layoff, for purposes of the CBA, is a discontinuance in employment with some expectation of recall, no break in seniority, and no interruption in benefits. Termination, on the other hand, encompasses a complete break in the employment relationship with no expectation of recall.

We reject Kellogg's argument that Appellants' state law claims, including their breach of contract claim, are preempted by Section 301 of the Labor Management Relations Act. While Section 301 preempts claims founded directly on rights created by a CBA and claims substantially dependent on analysis of a CBA, see Caterpillar Inc. v. Williams, 482 U.S. 386 (1987), not every dispute concerning employment or tangentially involving a provision of a CBA is preempted by Section 301. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985). In this case, Appellants do not claim that Kellogg breached the terms of the CBA. Indeed, the CBA does not speak to how full-time employees are hired from the pool of seasonal workers. In short, Appellants are not seeking to enforce any provision of the CBA. Rather, Appellants'

Nebraska courts "have consistently held that when employment is not for a definite term and there are no contractual, statutory, or constitutional restrictions upon the right of discharge, an employer may lawfully discharge an employee whenever and for whatever cause it chooses." Goff-Hamel v. Obstetricians & Gynecologists, P.C., 588 N.W.2d 798, 801 (Neb. 1999). In Goff-Hamel, the Nebraska Supreme Court extended this rule to find that an employer cannot incur liability for breach of contract by terminating an offer for employment for an indefinite term. See id. Based on our review of Nebraska case law, we find that the district court correctly dismissed the Appellants' breach of contract claim.

## B. Promissory Estoppel

Appellants next contend that Kellogg should be estopped from denying the existence of a valid contract because of oral representations made about Appellants' future employment opportunities upon which they reasonably relied. In Goff-Hamel, the Nebraska Supreme Court held that promissory estoppel may be asserted as the basis for a cause of action for detrimental reliance upon a promise of at-will employment. See id. at 804. Notwithstanding this recent decision, we find that Kellogg's alleged promise was far too indefinite to support a promissory estoppel action.

As opposed to the instant case, Goff-Hamel involved an extremely specific offer of employment. The defendant in Goff-Hamel: 1) represented to the plaintiff that she

---

claim requires only a de minimus interpretation of the CBA provision governing the seven week trial period. Given the nature of Appellants' claims and the facts of this case, it is clear that Appellants' state law claims neither originate in, nor refer in any substantial way to, the rights and duties established in the CBA. Cf. Anderson v. Ford Motor Co., 803 F.2d 953 (8th Cir. 1986).

would start at a wage of $10 per hour; 2) outlined the plaintiff's proposed benefits package in detail, informing the plaintiff that she would receive two weeks paid vacation, three or four paid holidays, a retirement plan, uniforms and an educational stipend; and 3) negotiated a specific starting date of October 4, 1993, based on the plaintiff's desire to finish some projects with her then-current employer. See id. at 800. Subsequently, the plaintiff was provided with uniforms and a schedule for her first week of work. See id. The defendant in Goff-Hamel revoked its offer when one of the owners' wives objected to hiring the plaintiff. See id. at 801. In contrast to Goff-Hamel, this case involves parties who never agreed to any specific starting date, salary, benefits package, work-schedule, or exactly how employees should go about keeping their noses clean for an indefinite period of time while they waited for permanent positions to materialize. Kellogg allegedly promised to hire Appellants sometime in the unknown future if they managed to "keep their noses clean" and returned to work every summer after successfully completing the seven-week trial period. As a matter of law, we find Kellogg's alleged promise far too indefinite to support a promissory estoppel action.

Appellants argue that Nebraska does not require definiteness in an action based upon promissory estoppel. Although this appears to be the general rule in Nebraska, see, e.g., Hawkins Constr. Co. v. Reiman Corp., 511 N.W.2d 113, 117 (Neb. 1994), Goff-Hamel establishes a different rule for promissory estoppel actions based on promises of at-will employment. See Goff-Hamel, 588 N.W.2d at 804 (requiring plaintiff to prove a "definite promise of employment" on which she reasonably relied). Had the Nebraska Supreme Court not intended to require plaintiffs to prove the existence of a "definite promise of employment," it would not have used this language. Moreover, rather than cite to any of the myriad Nebraska decisions rejecting the requirement of definiteness in promissory estoppel actions, the Goff-Hamel court cited an Indiana decision to support its new rule allowing promissory estoppel actions based on definite promises of at-will employment. See id. at 805 (citing Eby v. York-Division, Borg-Warner, 455 N.E.2d 623 (Ind. App. 1983)). In sum, under Nebraska

-10-

law, plaintiffs must prove the existence of a definite promise of employment to sustain a promissory estoppel action based on a promise of at-will employment. Appellants have failed to meet this burden.

## C. Fraudulent & Negligent Misrepresentation

Under Nebraska law, in order to maintain an action for either fraudulent or negligent misrepresentation, a plaintiff must allege and prove reasonable reliance on the alleged misrepresentation. See Gibb v. Citicorp Mortgage, Inc., 518 N.W.2d 910, 916, 922 (Neb. 1994). We agree with the district court that Appellants' reliance on Kellogg's alleged misrepresentation was unreasonable as a matter of law. Forbearing full-time employment with other employers in reliance upon a promise that Kellogg would hire them for job openings that might materialize sometime in the unknown future if they "kept their noses clean" for an indefinite number of summer seasons is not the sort of promise upon which a plaintiff could reasonably rely.

## IV. Conclusion

For these reasons and others discussed by the district court, we affirm the district court's decision in its entirety.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-11-