# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2921

_____

Bonnie J. Jensen; Clarence D. Jensen,    *
                                      *

         Plaintiffs-Appellants,    *

                                      *   Appeal from the United States
      v.                               *   District Court for the
                                      *   District of North Dakota.
William J. Henderson, Postmaster    *
General of the United States; Karl    *
Palloch; Larry Ibach; Gregg Sachow;    *
Thomas Greene, in their individual    *
capacities,                            *

                                        *

         Defendants-Appellees.    *

_____

Submitted: May 15, 2002
Filed: December 10, 2002

_____

Before MURPHY, HEANEY, and BRIGHT, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Bonnie Jensen, a United States Postal Service (Postal Service) employee, appeals the district court's grant of summary judgment on her Title VII hostile work environment claims of sexual harassment in favor of the Postal Service and several of her co-workers. The district court concluded that Jensen's claims against the Postal Service were time barred because she failed to exhaust her administrative remedies and that she also failed to state viable claims against the individual co-workers.

We address whether Jensen established that she timely initiated a sexual harassment action where she ceased to actively work at the Postal Service due to the harassment but waited more than the regulatory forty-five days to allege that the Postal Service failed to take corrective action to remedy the hostile work environment. In light of the recent decision by the United States Supreme Court in Nat'l R.R. Passenger Corp. v. Morgan, ___ U.S. ___, 122 S. Ct. 2061 (2002), we hold that the district court erred in granting summary judgment against Jensen on her claims of sexual harassment because questions of material fact exist as to the timeliness and nature of Jensen's complaint to preclude summary judgment. We reverse and remand Jensen's Title VII sexual harassment claim against the Postal Service but otherwise affirm.

I.    BACKGROUND

Bonnie Jensen has worked as a letter carrier at the Prairiewood Station Post Office (Prairiewood Station) in Fargo, North Dakota, for more than twenty years. Jensen alleges that beginning about May 4, 1999, Karl Palloch, Larry Ibach, Gregg Sachow and Thomas Greene began harassing her. Palloch, Ibach, Sachow, and Greene are fellow letter carriers at the Prairiewood Station. Jensen claims that she contacted the Prairiewood Station manager and her union president on May 10, 1999, regarding the harassment. After this notification, Jensen contacted other Postal Service officials[1] in an effort to change her work environment.

On June 4, 1999, Jensen contacted the Equal Employment Opportunity (EEO) office and claimed that her supervisor, Jan Olson, and her co-workers were harassing her. The EEO counselor provided general information about discrimination laws and

---

[1]In her complaint, Jensen alleges she spoke with union president Rick Olek, lead plant manager Clem Felchle, in Sioux Falls, South Dakota, and Postal Service Workplace Intervention Analyst Robert Clarkson.

sent Jensen the forms necessary to formalize her complaints. Jensen did not complete the forms.

Jensen continued to work at the Prairiewood Station until November 15, 1999. At that time, Jensen began outpatient psychiatric treatment. Jensen also applied for and received Federal Employees Compensation Act (FECA) leave based on her major depressive disorder that resulted from various work related incidents.[2] Her FECA benefits commenced December 18, 1999, and Jensen remains on compensated leave. While not currently working at the Prairiewood Station or any other postal facility, the Postal Service still considers Jensen an employee.

On January 20, 2000, Jensen's attorney sent a letter to the Equal Employment Opportunity Commission (EEOC) requesting a "formalization and continuation of the complaint process" and noting "that the Postal Service has not resolved the matter" of harassment. (App. at 48.) The subsequent mediation failed, and Jensen filed a formal complaint with the EEOC on March 15, 2000. The EEOC determined that while Jensen contacted the EEO on June 4, 1999, she abandoned her complaint by failing to timely pursue her claims. The EEOC advised Jensen of her right to pursue further agency appeal or to file suit in federal district court. Jensen chose to file suit in federal court.

In her complaint, Jensen alleged that the Postal Service "conducted an ineffective investigation of the incidents complained of, and failed to take appropriate and effective steps to remedy the harassment." (App. at 25.) Without conducting a hearing and in a written order, the district court converted the Postal Service's motion

---

[2]The United States Department of Labor determined that eighteen events covering a time period from May 18, 1999 through October 18, 1999, constituted compensable incidents. (App. at 102-105.) The parties dispute the impact of Jensen's FECA determination in her hostile work environment claim. Since we are reversing on other grounds, we need not address this argument at this time.

to dismiss into summary judgment.[3]  The district court then granted summary judgment in favor of the Postal Service.  Jensen also sued Palloch, Ibach, Sachow and Greene individually under state law claims, including infliction of emotional distress, and 42 U.S.C. §§ 1985 and 1986.  The district court dismissed these claims against the individual defendants.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's grant of summary judgment.  See Ihnen v. United States, 272 F.3d 577, 579 (8th Cir. 2001).  Summary judgment is appropriate where the evidence, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  See Clark v. Kellogg Co., 205 F.3d 1079, 1082 (8th Cir. 2000); see also Fed. R. Civ. P. 56(c).

The Postal Service originally moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) (motion to dismiss for lack of subject matter jurisdiction). However, the district court chose to treat the Postal Service's claims as one under Rule 12(b)(6) (motion to dismiss for failure to state a claim).[4]  The district court then

---

[3]At this point, we find it necessary to point out the record and facts before us are very limited.  The Postal Service filed a motion to dismiss in this case before either party had an opportunity to conduct any discovery.  Therefore, the facts in the record are limited to Jensen's complaint and the Postal Service's motion to dismiss with supporting affidavits.  As discussed in Section II. of the opinion, some procedural confusion also exists, thus a thorough discussion of the facts is difficult.

[4]The district court's commentary on this issue is:

The parties devote much energy in their briefs to whether this motion should be evaluated under the standards of Rule 12 (b) (1) [sic], which challenges jurisdiction and allows consideration of matters outside the pleadings, or Rule 12 (b) (6) [sic], governed by the

converted the motion to dismiss into summary judgment. Because we resolve the matter on other grounds, we will apply the summary judgment standard as used by the district court for the purposes of this opinion.[5]

## III. DISCUSSION

### A. Hostile Work Environment

In order for a federal employee to sue under Title VII, the employee must satisfy certain time limitations. See Brown v. Gen. Serv. Admin., 425 U.S. 820, 833 (1976). As a federal employee, Jensen is required to initiate contact with an EEO counselor within forty-five days of the alleged discriminatory conduct. 29 C.F.R. § 1614.105(a)(1).[6]

---

traditional rules for evaluating motions to dismiss. Also complicating the matter is that the motion has overtones of a summary judgment motion under Rule 56. The Court concludes that it will generally apply Rule 12 (b) (6) [sic], but it will treat the motion as one for summary judgment under Rule 56 as it relates to the issue of administrative exhaustion . . . .

(Add. at 4.)

[5]The parties dispute whether the district court could consider the Postal Service's Rule 12(b)(1) motion as a Rule 12(b)(6) motion. It is not always inappropriate to convert a Rule 12(b)(1) motion into a Rule 12(b)(6) motion. See Layton v. United States, 919 F.2d 1333, 1335 (8th Cir. 1990) ("conversion may have been appropriate"). We recognize that the parties devote part of their appeal to this issue, however, we need not decide, at this time, whether administrative exhaustion of Jensen's claims should be considered under Rule 12(b)(1) or Rule 12(b)(6).

[6]The regulation provides:

The district court rejected Jensen's hostile work environment claims based on its determination that she contacted the EEO outside of the forty-five-day period. The district court ruled that Jensen needed to show one discriminatory act within forty-five days from the last day she worked at the Prairiewood Station, which was November 15, 1999. Under the district court's view, Jensen could not claim discrimination after November 15 because she was not exposed to the alleged harassment since she no longer worked with her co-workers. Therefore, the district court determined that Jensen's forty-five-day window for filing a complaint was from November 15, 1999, to approximately December 30, 1999. The district court concluded Jensen's January 20, 2000 complaint was untimely.

In also rejecting Jensen's continuing violation theory, the district court explained that "the purpose of the continuing violation theory is to allow a plaintiff to include events which occurred outside the limitations period as part of her properly-filed case." (Add. at 9.) The district court determined that Jensen did not point out any incident in the forty-five-day period that allowed her to use the continuing violation theory to reach back beyond that time to include events that occurred outside of the forty-five-day period.

Jensen argues that the district court erred in its calculation of the forty-five-day period because her claims are based on the Postal Service's "continued failure to take remedial action . . . a violation which continues to this day." (Appellant's Br. at 14.)

---

(a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter

(1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory....

29 C.F.R. § 1614.105(a)(1).

Based on the individual acts of harassment, Jensen maintains that the Postal Service's continued failure to redress the situation at the Prairiewood Station creates a hostile work environment such that she cannot return to work.[7]

After the district court made its decision and after we heard oral argument, the United States Supreme Court, in Nat'l R.R. Passenger Corp. v. Morgan, ___ U.S. ___, 122 S. Ct. 2061 (2002), addressed what constitutes the timely filing of Title VII claims. In particular, the Court clarified the use of the continuing violation doctrine in Title VII hostile work environment cases. Morgan, an Amtrak employee, alleged that he had been subjected to discrete discriminatory and retaliatory acts and had experienced a racially hostile work environment. Id. at 2068.[8] Morgan complained of some racially motivated conduct by his co-workers that occurred outside the statutory time period, i.e., more than 300 days before the filing of his EEOC charge.[9] Id. The Court resolved whether events that fell outside the time period could be considered under claims of discrete discriminatory acts and claims of hostile work environment. Id. at 2077.

---

[7]An employer may be liable for a hostile work environment where the employer knew of the harassment but failed to take corrective action, or takes inadequate action. See Faragher v. City of Boca Raton, 524 U.S. 775, 789 (1998).

[8]"Hostile work environment claims based on racial harassment are reviewed under the same standard as those based on sexual harassment." Morgan, 122 S. Ct. at 2074 n.10 (citations omitted).

[9]Morgan addresses the 180-300-day filing rule for non-federal employees. However, courts have treated the forty-five-day requirement for federal employees in much the same way. See, e.g., McFarland v. Henderson, 307 F.3d 402, 408 (6th Cir. 2002) (applying Morgan to a postal employee's claim of constructive discharge as a result of sex discrimination where the Postal Service alleged that the employee did not timely initiate her claim).

In addressing discrete acts of discrimination, the Court held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Id. at 2072. The Court then distinguished hostile work environment claims holding that "[i]n order for the charge to be timely, the employee need only file a charge [within the relevant time period] of any act that is part of the hostile work environment." Id. at 2075.

The Court noted that hostile work environment claims "are different in kind from discrete acts" because "[t]heir very nature involves repeated conduct." Id. at 2073. The Court further explained: "The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years, and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." Id. Therefore, courts must look to "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 2074 (internal quotes and citation omitted).

The Court determined that timely filing provisions require only that "[p]rovided that *an act contributing to the claim* occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. at 2074 (emphasis added). "The statute does not separate individual acts that are part of the hostile [work] environment claim from the whole for the purposes of timely filing and liability." Id. at 2075.

In essence, the Court has simplified the law by allowing courts to view allegations of hostile work environment as "a single unlawful employment practice." Id. at 2075. Only the smallest portion of that "practice" needs to occur within the limitations period for the claim to be timely. See Shields v. Fort James Corp., 305 F.3d 1280, 1282 (11th Cir. 2002) ("Put simply, if the smallest portion of that 'practice'

occurred within the limitations time period, then the court should consider it as a whole."). Here, in light of the statement of law in <u>Morgan</u> for hostile work environment claims, the district court erred in concluding that Jensen needed to show a discrete act of discrimination within the relevant time period and misconstrued the nature of a continuing violation.[10] Therefore, we reverse the district court on Jensen's Title VII claims against the Postal Service. As explained below, we remand to the district court for further consideration of the timeliness issue.[11]

### 1.    *Nature of Claims Against Postal Service*

We also conclude that the district court erred in granting summary judgment to the Postal Service because it incorrectly construed in a number of ways that Jensen's claims did not present issues of material fact. First, the district court misinterpreted Jensen's claims against the Postal Service. The district court failed to consider that Jensen's claims were against the Postal Service for not ending the harassment by the co-workers and not just claims against the co-workers for harassment. The district court noted that Jensen's main contention was that the Postal Service "maintained a pervasive system of discrimination at the Prairiewood Station and that this system persists to the present[.]" (Add. at 8.) However, the district court viewed Jensen's claims as an attempt to "exempt[] her from the time requirements of Title VII." <u>Id.</u> We disagree with the district court's view of Jensen's argument.

_____

[10]We have previously explained that all hostile working environments are "an ongoing nightmare for the employee victim, in legal parlance, a continuing violation." <u>Van Steenburgh v. Rival Co.</u>, 171 F.3d 1155, 1159 (8th Cir. 1999) (internal quotes and citation omitted). Therefore, "[a]n incident within the limitations period need not satisfy the definition of sexual harassment under Title VII when viewed in isolation." <u>Id.</u>

[11]Under these circumstances, we need not address Jensen's equitable estoppel and tolling arguments at this time.

Instead, we view Jensen's claims similar to those in Swenson v. Potter, 271 F.3d 1184 (9th Cir. 2001).

In Swenson, the Postal Service argued that Swenson, a mail sorter, failed to contact an EEO counselor within forty-five days, rather Swenson waited fifty-three days to allege harassment based on a grabbing incident by her co-worker. 271 F.3d at 1190-91. The Ninth Circuit determined that "the grabbing incident is not 'the matter alleged to be discriminatory.'" Id. at 1191. Instead, the author of the opinion, Judge Alex Kozinski, emphasized that Swenson's claims were against the Postal Service in failing to act on her allegations of harassment. Id. ("The matter alleged to be discriminatory is the adequacy of the employer's response, not the co-worker's underlying behavior."). The court held that the "forty-five day period thus did not start to run until the employer took final action on her complaint." Id. The court determined that Swenson's claim was timely because she contacted an EEO counselor before the Postal Service had concluded its investigation. Id.

In several respects this case also is similar to McFarland v. Henderson, 307 F.3d 402 (6th Cir. 2002). In McFarland, a female temporary postal employee claimed she was constructively discharged as a result of sexual harassment, when her immediate supervisor attempted to kiss her. Id. at 404. For several months after the incident, the supervisor was rude to her. Id. In addition, McFarland learned that "unfounded rumors were being spread that she was sleeping with other male postal employees," and other rumors about her alleged attitude problem. Id. McFarland reported the rumors to a supervisor above the harasser. Approximately three months after the attempted kiss, McFarland contacted an EEO counselor. Id. at 405. The Postal Service alleged that McFarland's claim was untimely because she contacted the EEO more than forty-five days after the attempted kiss. Id.

The Sixth Circuit, applying the Morgan hostile work environment analysis, determined that McFarland's claims were timely. Based on Morgan, "[a] hostile-

work-environment claim thus has an effect similar to that of a continuing violation composed of successive discrete acts, in that the existence of the hostile work environment within the 45-day time limit causes the actionable violation to encompass conduct that occurred outside of the limit." Id. at 408. The court concluded that McFarland's hostile work environment existed less than forty-five days before her EEO contact because her treatment amounted to "an environment permeated with unfounded lies about her alleged sexual promiscuity, her competence as an employee, her being assigned to less desirable work assignments, and having her hours reduced." Id.

Similarly, Jensen's claims of discrimination may extend beyond her last day of work to the time when Jensen was on leave and the Postal Service failed to address her concerns. The allegations in Jensen's complaint charge that the Postal Service violated Title VII by failing to take appropriate corrective action in response to her allegations of co-worker harassment. The matter alleged to be discriminatory is the adequacy of the Postal Service's response, not Jensen's co-worker's underlying behavior. In essence, Jensen asserts that although she was physically absent from her worksite more than forty-five days before formalizing her EEOC complaint, she remained an employee and that she could not actually return to her workplace because of the failure to remedy the sexually harassing environment.

2. *Timing of Claims*

The district court also misunderstood the timing of Jensen's hostile work environment claim. In her complaint, Jensen alleged that the Postal Service subjected her to a hostile work environment and failed to take adequate measures to ensure that she could work in an environment free of co-worker sexual harassment. Jensen maintains that a pervasive system of discrimination exists at the Prairiewood Station until the Postal Service takes appropriate corrective action to remove the harassment from her workplace.

-11-

The Second Circuit has recognized that sexual harassment can be a continuing violation even though the employee is not working. See Cornwell v. Robinson, 23 F.3d 694 (2d Cir. 1994). Cornwell, a female, worked at a residential facility for male juvenile offenders. Id. at 697. Cornwell alleged that she was subjected to a hostile work environment by her male co-workers and supervisors. Id. The incidents of harassment culminated when a male co-worker hit Cornwell in the chest with a basketball. Id. at 699. The blow badly bruised Cornwell's chest and she took a week off of work. Id. Between 1983 and 1986, Cornwell was absent from work due to the injury, or from sick leave, and received workers' compensation. After having been on workers' compensation for almost two years, the facility terminated Cornwell. Approximately a year later, Cornwell resumed her employment at the facility. Id. at 699. Cornwell worked for approximately a month before she left the facility after being cornered by the same supervisor she previously accused of harassment. Id. at 700.

On appeal, the defendants challenged the timeliness of Cornwell's complaints. Id. at 703. The Cornwell court upheld the district court's holding that Cornwell's complaint was timely because:

> the only reason the harassment had not continued in the interim between February 1983 and March 1986 was Cornwell's absence on account of the illness precipitated by the first set of incidents. . . . [T]he court properly concluded that the acts of discrimination and harassment by the individual defendants constituted a continuing wrong that did not end until April 1986, when Cornwell was finally driven from MacCormick for good.

Id. at 704.

Jensen's claim is similar to that in Cornwell. Jensen's inability to return to work resulted from the Postal Service's ill treatment of her. Her absence is due to the

physically and psychologically damaging harassment she experienced at her worksite. Jensen has alleged that as a result of the sexual harassment she received in her workplace, she became clinically depressed.

Jensen's claims may be stronger than in <u>Cornwell</u> because she has not quit her job. On the contrary, she is still employed by the Postal Service but allegedly has been unable to return to work and she has received no indication that the environment of harassment has changed at the Prairiewood Station. The hostile work environment at the Prairiewood Station still exists and the Postal Service has refused to ameliorate the environment so that she can return to work. Employees are entitled to a workplace free from harassment motivated by the employee's membership in a protected class. Here, the Postal Service's failure to take action to stop the conduct, to discipline the perpetrators, and to protect Jensen may bring her actions within forty-five days of Jensen's formalization of her EEO complaint on January 20, 2000.[12]

With the recent pronouncement in <u>Morgan</u> and a thorough examination of the nature of Jensen's claims, we reverse the district court's summary judgment and remand for further proceedings. Under <u>Morgan</u> and its progeny, and cases cited herein, we remand to the district court to determine whether Jensen has brought her sexual harassment claims on a timely basis.

B.    Individual Defendant's Claims

_____

[12]We note that some factual indications suggest that Jensen's January 20 letter may show an act contributing to her claim occurred within the filing period. For instance, at oral argument, the Postal Service indicated that various communications occurred after November 15, 1999, between Jensen and the Postal Service regarding the possibility of Jensen's return to work. The Postal Service described it as an "on-going process" that continues to date.

Jensen also asserts that the individual defendants conspired to deprive her of her civil rights in violation of 42 U.S.C. § 1985. To prove a constitutional conspiracy, Jensen must prove an agreement between the conspirators, by pointing to at least some facts which would suggest that appellees reached an understanding to violate her rights. See Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).

Jensen has not set forth any evidence that the defendants conspired to deprive her of her civil rights or that they were motivated by a discriminatory animus. In addition, the district court ruled as a matter of law that Jensen was precluded from bringing a conspiracy claim based upon the Supreme Court's holding that a litigant may not bring a claim under § 1985(3) to redress violations of Title VII. See Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 375-76 (1979) ("If a violation of Title VII could be asserted through § 1985(3), a complainant could avoid most if not all of these detailed and specific provisions of the law.").

Jensen contends the district court erred because her conspiracy claims go beyond Title VII. Even assuming that Jensen's contentions of sex-based class discrimination are broader than Title VII, her § 1985(3) claim still fails. Purposeful discrimination must be established for a party to succeed on a § 1985(3) claim. See McIntosh v. Ark. Republican Party-Frank White Election Comm., 766 F.2d 337, 340 (8th Cir. 1985). Jensen has failed to produce evidence to support a finding of purposeful discrimination. Other than the general allegation in her complaint, Jensen did not allege any sort of conspiracy between the individuals sufficient to state a claim. See Palesch v. Mo. Comm'n on Human Rights, 233 F.3d 560, 570 (8th Cir. 2000) (stating conclusory allegations that the individual defendants were out to get plaintiff based on race and gender does not state a claim). The district court properly dismissed this claim.

Finally, Jensen maintains that the district court erred in dismissing her claims under 42 U.S.C. § 1986 (action for neglect to prevent commission of § 1985

-14-

violation). Such claims are dependent upon a valid § 1985 claim. See Lewellen v. Raff, 843 F.2d 1103, 1116 (8th Cir. 1988). Because the district court properly dismissed Jensen's § 1985 claims, it also correctly dismissed Jensen's § 1986 claims against the individual defendants.

IV. CONCLUSION

We affirm the district court's judgment as to the individual defendants. However, we reverse the district court's grant of summary judgment to the Postal Service on Jensen's Title VII claims and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.