**TRIPLE 7, INC., Plaintiff,**

v.

**INTERVET, INC., Defendant.**

**No. 8:04CV8.**

United States District Court, D. Nebraska.

Oct. 19, 2004.

Richard D. Dunn, Gaines, Pansing Law Firm, Omaha, NE, for Plaintiff.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

This matter is before the court on defendant Intervet, Inc.'s motion to dismiss (Filing No. 4).[1] This is an action for breach of contract and for violations of the Sherman Antitrust Act, 15 U.S.C. §§ 1 & 2, the Nebraska Uniform Deceptive Trade Practices Act, Neb.Rev.Stat. § 87–301 *et seq.*, and the Nebraska Consumer Protection Act, Neb.Rev.Stat. § 59–1601 *et seq.* Plaintiff, a corporation engaged in the business of supplying veterinary services and products, alleges that defendant, a veterinary pharmaceuticals manufacturer, breached an agreement to provide certain rebates in connection with plaintiff's purchase of veterinary pharmaceuticals. Plaintiff further alleges that defendant violated the Sherman Act by "[acting] in concert with certain distributors to disrupt Plaintiff's business by failing to pay the rebates to which Plaintiff is entitled" and alleges that these actions "are preventing Plaintiff from actively engaging in the business of selling veterinary products" and that as a result of defendant's actions "plaintiff's customers and the public in general are not able to obtain veterinary products at a competitive price in western Nebraska."

■ Defendant asserts that plaintiff's complaint fails to state a claim for relief under the Sherman Antitrust Act, the Nebraska Uniform Deceptive Trade Practices Act and the Nebraska Consumer Protection Act. In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.* In addition, although courts are hesitant to dismiss antitrust actions before the parties have had an opportunity for discovery, because the proof of illegal conduct lies largely in the hands of the alleged antitrust conspirators, there is no blanket prohibition against dismissal of antitrust claims for failure to state a claim. *Double D Spotting Serv., Inc. v. Supervalu, Inc.*, 136 F.3d 554, 559 (8th Cir.1998). The essential elements of a private antitrust claim must be alleged in more than vague and conclusory terms to prevent dismissal of the complaint on a defendant's Rule 12(b)(6) motion. *Id.* at 558.

■ Section 1 of the Sherman Antitrust Act prohibits "[e]very contract, combination in the form of trust or otherwise,

---

1. Defendant has moved for leave to file the reply brief attached to Filing No. 11. Leave is hereby granted, and the court has considered that reply brief in making its determinations of this motion.

or conspiracy, in restraint of trade or commerce." 15 U.S.C. § 1 (1994). To prove a Section 1 violation, a plaintiff must show an agreement in the form of a contract, combination, or conspiracy that imposes an unreasonable restraint on trade. *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1058 (8th Cir.2000). The unreasonableness of a restraint is determined using either a *per se* standard or a standard that examines all of the circumstances, the so-called rule-of-reason test. *Id.* Under the *per se* standard, conduct that is "manifestly anticompetitive" or "would always or almost always tend to restrict competition," is conclusively presumed to restrain competition unreasonably " 'without elaborate inquiry as to the precise harm [it has] caused or the business excuse for [its] use.' " *Id.* (quoting *Rossi v. Standard Roofing, Inc.*, 156 F.3d 452, 461 (3d Cir. 1998)). Practices that have been held to be unlawful *per se* include price fixing, division of markets, group boycotts, and tying arrangements. *Id.*

■ There is a presumption in favor of a rule-of-reason standard and departure from that standard must be justified by demonstrable economic effect. *See Business Elecs. Corp. v. Sharp Elecs. Corp.*, 485 U.S. 717, 726, 108 S.Ct. 1515, 99 L.Ed.2d 808 (1988). Moreover, interbrand competition is the primary concern of the antitrust laws. *Id.* Thus, vertical restraints are generally more defensible than horizontal restraints.[2] *See, e.g., Arizona v. Maricopa County Medical Soc.*, 457 U.S. 332, 348 n. 18, 102 S.Ct. 2466, 73 L.Ed.2d 48 (1982). Accordingly, vertical nonprice restraints are not *per se* unlawful restraints of trade. *Business Elecs. Corp*, 485 U.S. at 726, 108 S.Ct. 1515. Similarly,

vertical maximum price-fixing is not *per se* unlawful, but should be analyzed under the "rule of reason." *State Oil Co. v. Khan*, 522 U.S. 3, 21, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997).

■ Under the rule-of-reason test, the issue is whether the questioned practice imposes an unreasonable restraint on competition, taking into account a variety of factors, including specific information about the relevant business, its condition before and after the restraint was imposed, and the restraint's history, nature, and effect. *Id.* at 9, 118 S.Ct. 275. Accordingly, plaintiff must allege facts that show that the defendant's activities had an impact upon competition in a relevant market. *See Dickson v. Microsoft Corp.*, 309 F.3d 193, 212 (4th Cir.2002), *cert. denied*, 539 U.S. 953, 123 S.Ct. 2605, 156 L.Ed.2d 647 (2003). In order to state a viable Section 1 claim, a plaintiff is required to allege facts which, if proven true, would demonstrate that defendant's agreements with its distributors were likely to result in an anticompetitive effect. *Id.* A plaintiff cannot make that showing absent allegation of facts demonstrating its power or share in the market. *Id.*

■ Plaintiff has not pled facts that could amount to a *per se* violation. It essentially alleges only a vertical restraint. The court must thus apply a rule-of-reason analysis. Under the rule-of-reason standard, plaintiff's failure to allege a relevant market amounts to a failure to state a Section 1 Sherman Act claim. *See id.*

■ Plaintiff similarly fails to allege facts that would entitle him to relief under Section 2 of the Sherman Antitrust Act. In

---

**2.** Concerted action between competitors at the same level of the market structure is usually termed a "horizontal" restraint, in contradistinction to combinations of persons at different levels of the market structure, e.g., manufacturers and distributors, which are termed "vertical" restraints. *United States v. Topco Assocs.*, 405 U.S. 596, 607–08, 92 S.Ct. 1126, 31 L.Ed.2d 515 (1972).

order to state a claim for monopolization under Section 2 of the Sherman Act, a plaintiff must allege: "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *United States v. Grinnell Corp.*, 384 U.S. 563, 570, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). To state an attempted monopolization claim, a plaintiff must establish "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456, 113 S.Ct. 884, 122 L.Ed.2d 247 (1993). Plaintiff's failure to allege any facts that show its market power or market share is fatal to its Section 2 claim.

Also, a private plaintiff seeking to state a claim for violation of Sections 1 or 2 of the Sherman Act must allege that it has suffered an "antitrust injury." *See Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 344, 110 S.Ct. 1884, 109 L.Ed.2d 333 (1990). The antitrust injury requirement obligates a plaintiff to demonstrate, as a threshold matter, "that the challenged action has had an actual adverse effect on competition as a whole in the relevant market; to prove it has been harmed as an individual competitor will not suffice." *Capital Imaging v. Mohawk Valley Med. Assoc.*, 996 F.2d 537, 543 (2d Cir.1993). "The antitrust laws ... were enacted for 'the protection of competition, not competitors.' " *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477, 488, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977) (quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 320, 82 S.Ct. 1502, 8 L.Ed.2d 510 (1962)). Plaintiff's complaint contains no allegations of injury to competition. Accordingly, the court finds that plaintiff's complaint fails to state a claim under the Sherman Antitrust Act.

 Plaintiff's second claim is for "detrimental reliance." Defendant asserts that in Nebraska, detrimental reliance is a measure for damages under breach of contract, not a separate cause of action. *See Anderson Excavating & Wrecking Co. v. Sanitary Improvement District No. 177*, 265 Neb. 61, 67, 654 N.W.2d 376 (2002). The court finds defendant mischaracterizes the nature of plaintiff's claim. However denominated, the court finds plaintiff's allegations state a claim for relief under the theory of "promissory estoppel." Promissory estoppel is a situation involving a promise by one party upon which another relies to his detriment, and which the promisor should reasonably have foreseen would cause the promisee to so rely. *Farmland Service Coop, Inc. v. Klein*, 196 Neb. 538, 244 N.W.2d 86, 90 (1976). Nebraska follows the Restatement (Second) of Contracts § 90 (1981) with regard to promissory estoppel. *Yankton Prod. Credit Assn. v. Larsen*, 219 Neb. 610, 365 N.W.2d 430, 433 (1985). The Restatement provides as follows:

> (1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

Restatement (Second) Contracts § 90. "Stated another way, a cause of action for promissory estoppel is based upon a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee which does in fact induce such action or forbearance." *Goff–Hamel v. Obstetricians & Gyns., P.C.*, 256 Neb. 19, 588 N.W.2d 798 (1999). *Maxwell,*

*Inc. v. Kenney Deans, Inc.*, 1999 WL 731846 (Neb.App.1999) (quoting *Rosnick v. Dinsmore*, 235 Neb. 738, 457 N.W.2d 793, 799 (1990)). Promissory estoppel provides for damages as justice requires and does not attempt to provide the plaintiff damages based upon the benefit of the bargain. *Rosnick*, 457 N.W.2d at 799. It requires only that reliance be reasonable and foreseeable and does not impose the requirement that the promise giving rise to the cause of action must be so comprehensive in scope as to meet the requirements of an offer that would ripen into a contract if accepted by the promisee. *Hawkins Constr. Co. v. Reiman Corp.*, 245 Neb. 131, 511 N.W.2d 113, 117 (1994). The court finds the plaintiff has adequately alleged promissory estoppel as an alternative theory to its breach of contract claim.

Plaintiff's fourth claim is for violations of the Nebraska Uniform Deceptive Trade Practices Act, Neb.Rev.Stat. § 87–301 *et seq.* ("UDTPA"). The UDTPA prohibits a broad panoply of deceptive trade practices. *Id.* However, it does not provide a private right of action for damages. Neb. Rev.Stat. § 87–303. Plaintiff does not seek injunctive relief. Accordingly, plaintiff's UDTPA claim will be dismissed.

 Nebraska's Consumer Protection Act (CPA) mirrors federal law. *Compare* 15 U.S.C. § 45(a)(1) ("[U]nfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful.") *with* Neb.Rev.Stat. § 59–1602 ("[U]nfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful."). In the context of plaintiff's allegations, the CPA is essentially the state version of the Sherman Antitrust Act. *See State ex rel. Douglas v. Associated Grocers of Nebraska Cooperative, Inc.*, 214 Neb. 79, 332 N.W.2d 690, 692–93 (1983). Although the CPA provides both a private right of action and a public right, disputes that fall within the ambit of the CPA are unfair or deceptive trade practices that affect the public interest. *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000). Plaintiff has failed to state a claim under the CPA for the same reasons discussed in connection with its Sherman Antitrust Act claim. Plaintiff has not alleged any unfair practices or actions by defendant that affect the public interest. It has not alleged any facts showing that this claim involves anything more than an ordinary breach of contract. In order to state a claim under the CPA, a plaintiff must show aggravating factors indicating that the act in question is more than a mere breach of contract. *See Raad v. Wal-Mart Stores, Inc.* 13 F.Supp.2d 1003, 1014 (D.Neb.1998). Accordingly,

IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss plaintiff's Sherman Antitrust Act claims is granted. Plaintiff's Sherman Antitrust Act claims are dismissed.

2. Defendant's motion to dismiss plaintiff's UDTPA claim is granted. Plaintiff's UDTPA claim is dismissed.

3. Defendant's motion to dismiss plaintiff's CPA claim is granted. Plaintiff's CPA claim is dismissed.

4. Defendant's motion to dismiss plaintiff's detrimental reliance claim, construed as a promissory estoppel claim, is denied.